UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAYMOND FLINT,<br><br>　　　　Defendant. | No. 2:08-cr-00288-GEB<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

Defendant Raymond Flint moves, *in propria persona,* for "early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1)," arguing he "has served in excess of 12 months of his supervised release (approximately 27 months out of the 36 months that the Court imposed) with exemplary behavior." (Def.'s Mot. 1,[1] ECF No. 58.) Specifically, Defendant contends the following "mitigating information" supports the early termination of his supervised release term:

> [M]ovant . . . :
>
> 　　1) Maintained his responsibilities as a productive citizen while receiving the benefits as a disabled veteran.
>
> 　　2) Voluntarily became an active member of Abundant Living Christianity Church, for

---

[1] Defendant's "Motion for Early Termination of Supervise[d] Release," "Memorandum of Law in Support of Motion," and "Ex-Parte Petition for Modification of Supervised Release" were docketed as one filing. Therefore, for ease of reference, these filings are referred to collectively as "Defendant's Motion," and the page numbers cited herein refer to the ECF page numbers.

1

>                    the past seven (7) years . . . .
>
>                    Movant ha[s] maintained excellent family ties
>                    with his wife while supporting his daughter
>                    and two son[s], providing both financial
>                    support as well as . . . guidance to his
>                    children to be obedien[t] to the governing
>                    authorities and seeking spiritual
>                    guidance . . . .
>
>                         (1) Movant ha[s] become a participant in
>                    fundraising events to help feed the homeless
>                    and ha[s] made charitable donations to the
>                    homeless and other churches to demonstrate
>                    his concern for the community.
>
>                         (2) Movant ha[s] signed up to donate
>                    blood to the Red Cross to help save lives of
>                    those who have suffered violent and
>                    unexpected injuries.
>
>                    Movant has been actively involved with
>                    the youth (boys) as well speaking at the
>                    girls and boys clubs, enlightening youth to
>                    reframe [sic] from any illegal
>                    activities . . . . Furthermore, Movant
>                    attends Roosevelt High School to mentor and
>                    speak to the young teenagers . . . .
>
>                         (3) Movant has fulfilled his
>                    obligations as well as his responsibility to
>                    make payment toward his restitution since
>                    (2009), all while being confined and
>                    thereafter released from custody at the rate
>                    of $150.00 per month.
>
>                         (4) Movant voluntarily participates with
>                    his church to assist the elderly to have
>                    transportation back and forth to the church
>                    by bus as the director of this program.

(Id. at 7-8.)

**I. BACKGROUND**

On May 22, 2009, Defendant pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 for his role in defrauding the State of California's Employment Development Department ("EDD"). (Plea Agreement, ECF No. 31.) The Factual Basis to Defendant's Plea Agreement states in relevant part:

2

> Between September 16, 2000 and April 13, 2007, Defendant Raymond Flint and others working in concert with him devised and carried out a scheme to defraud EDD and thereby obtain [state disability insurance ("SDI")] payments to which they were not entitled. [Defendant] applied for SDI benefits in his own name and in the names of other persons who had not authorized him to so apply. . . . [Defendant] caused EDD to send SDI benefit checks to addresses under his and his co-schemers' control and the checks were negotiated by him or co-schemers. The funds were used for their benefit.
>
> Through this scheme [Defendant] and those working in concert with him fraudulently obtained from EDD $358,554.96 and . . . unsuccessfully attempted to [fraudulently] obtain from EDD another $1,655,494.05. Without authorization and in furtherance of their crimes, they used the identities of sixty-seven persons to make one hundred and thirty-one fraudulent SDI claims.

(Id., Ex. A-1.)

Defendant was subsequently sentenced to forty-six months of imprisonment and a thirty-six month term of supervised release. (Judgment 2-3, ECF No. 41.) In addition, Defendant was ordered to pay $354,554.96 in restitution to the EDD. (Judgment 5-6.)

The terms of Defendant's supervised release include: periodic drug testing, participation in an outpatient correctional treatment program to obtain assistance for drug . . . abuse, and outpatient mental health treatment. (Id. at 3-4.) As stated in Defendant's Sentencing Memorandum, Defendant has been "addicted to prescription medications[, and] . . . regularly used marijuana and cocaine." (Def.'s Sentencing Memo 3:8-11, ECF No. 38.) Defendant's Sentencing Memorandum also states: "Defendant needed money to pay for these legal and

3

illegal drugs. He devised a scheme to submit false disability claims to EDD . . . . [Defendant] used a good deal of the money he received to buy legal and illegal drugs." (Id. at 3:10-18.)

## II. DISCUSSION

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a),[2] a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" Id. (quoting 18 U.S.C. § 3583(e)(1)). "The Defendant has the burden to demonstrate that early termination of supervised release is justified." United States v. Carter, No. CR 10-0363 SBA, 2013 WL 225875, at *1 (N.D. Cal. May 22, 2013) (citing United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

In light of the referenced subset of section 3553(a) factors, specifically including the nature and circumstances of the offense, defendant's history and characteristics, the need to provide rehabilitation resources to Defendant, and the need to provide restitution to the offense victim, Defendant has not

---

[2] "The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense." United States v. Smith, 219 F. App'x 666, 667 n.3 (9th Cir. 2007) (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

4

shown that early termination of supervised release is justified. See United States v. Oak, 398 F. App'x 274, 275 (9th Cir. 2010) (affirming the district court's denial of early termination of supervised release motion based upon "the finding that [the defendant] still owes more than $200,000 in restitution"); Smith, 219 F. App'x at 668 (indicating it was appropriate for the district court to deny an early termination of supervised release motion where the defendant had a history of drug use and the defendant's terms of supervised release included periodic drug testing). Although Defendant argues his good behavior warrants early termination of supervised release, "compliance with release conditions, resumption of employment and engagement of family life-are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate." United States v. Bauer, No. 5:09-cr-00980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012); accord United States v. Sine, No. CR-S-02-079 KJM, 2012 WL 1901298, at *2 (E.D. Cal. May 24, 2012) ("[M]odel prison conduct and full compliance with the terms of supervised release is what is expected of . . . [those] serving terms of supervised release and does not warrant early termination." (internal quotation marks and citation omitted)).

For the stated reasons, Defendant's motion for early termination of supervised release is DENIED.

Dated: August 12, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

5